UNITED STATES *v.* MILLINGER and another.

*(Circuit Court, S. D. New York. April 25, 1881.)*

OPENING JUDGMENT—NEW TRIAL—DISTILLER'S BOND—SURETY.
    A federal court has no power to open a judgment against the surety on a distiller's bond and grant a new trial, upon the ground that certain facts, existing when the case was tried, were not then put in evidence.—[ED.

Motion to Open a Judgment and for a New Trial.

*Edward B. Hill*, Asst. Dist. Att'y, for plaintiff.

*Roger M. Sherman*, for defendant Boyd.

BLATCHFORD, C. J. In this case a judgment was entered in this court, on the twelfth of October, 1872, against the defendant, for $8,288.62. The judgment was on a verdict of a jury taken on a failure of the defendant to appear at the trial. The action was on a distiller's bond, on which the defendant Boyd was surety, and was founded on an assessment of a deficiency tax to make up the amount of spirits required as 80 per cent. of the producing capacity of the distillery as fixed by the survey, the survey being made under section 10 and the assessment under section 20 of the act of July 20, 1868. 15 St. at Large, 129, 133. In February, 1880, the defendant Boyd presented to this court affidavits seeking to show that the extent of the actual capacity of the distillery, with the materials and implements used, did not exceed the quantity of spirits returned as produced; and that, after the assessment for deficiency was made, and before this suit was brought, moneys were collected under a distraint made under the assessment, which were not credited in entering the judgment. On these affidavits a motion was made to open the judgment, and for another trial by a jury. The court, *Shipman*, J., (17 Blatchf. 451,) said that the only tenable reason for opening the judgment was the omission of the credits; that the court had power to correct such a mistake on the authority of *Crooks* v. *Maxwell*, 6 Blatchf. 468; and that the judgment ought to be opened only for the purpose of allowing evidence to be given of payments made by the defendant Millinger out of his property, which ought to have been allowed and deducted from the face of the assessment of damages before entering the judgment, but not for the purpose of giving evidence of other defences to the claim of the plaintiff. It was urged to the court that, under the ruling of the supreme court in *Clinkenbeard* v. *U. S.* 21 Wall. 65, decided at the October term, 1874, the evidence as to the actual capacity of the distillery would have been competent if it had been offered at the trial of this suit, and that it was not offered because a course of decisions based on the

views stated in *U. S.* v. *Hodson,* 14 Int. Rev. Rec. 100, and in other cases, had held that the assessment of the deficiency tax could not be questioned in a suit on the bond.   But Judge Shipman's view was, evidently, that the court had no power to open the judgment for the cause stated, for the purpose of permitting the defence in question to be made.   At the same time that the motion in this case was made before him, a motion was also made before him in *U. S.* v. *Teven,* in this court, to open a judgment which had been rendered in 1873 and had been paid.   The motion was based on alleged error in the exclusion of testimony offered at the trial by the defendant, such testimony constituting his defence.   The testimony was excluded on a construction of the statute supposed to be correct.   The supreme court had afterwards held, in another case, that such construction was erroneous.   In denying the motion, February 2, 1880, Judge Shipman said :

"The question in regard to vacating the judgment is neither one of practice, nor of procedure, nor of discretion, nor of the power of state courts in similar circumstances, but of the power of the federal courts.  I am of opinion that this court has no power, on a summary motion, to vacate a judgment rendered at a previous term, upon the grounds set up in the motion papers.  *Bank of U. S.* v. *Moss,* 6 How. 31; *McMicken* v. *Petin,* 18 How. 507; *Wood* v. *Luse,* 4 McL. 254."

The defendant Boyd now presents affidavits in this case seeking to show that in making the survey of the distillery, under section 10 of the act of 1868, the assessor took no part, and the person designated to aid the assessor under that section was arbitrarily required by the commissioner of internal revenue to fix the producing capacity of the distillery at what was stated in the report of survey made, which was larger than such person's own judgment as to such capacity.   On this a motion is made to open the judgment and for a new trial by a jury.

I think the court has no power to grant this motion.   In addition to the cases cited in *U. S.* v. *Teven,* those of *Medford* v. *Dorsey,* 2 Wash. 433; *Cameron* v. *McRoberts,* 3 Wheat. 591; *Brush* v. *Robbins,* 3 McL. 486; and *The Bank* v. *Labitut,* 1 Woods, 11, may be referred to.   It is held in some other

courts that the power exists; that in the federal courts it does not.

A distinction is urged in respect to this case on the view that the error sought to be corrected was an error of fact, while in *U. S.* v. *Teven* and other cases 'it was an error of law, and that in the *Teven Case* the judgment was paid and so the parties were out of court. The evidence referred to, and sought to be introduced on a new trial, is evidence of facts which existed when the case was tried. The failure to put them in evidence did not constitute error in fact. There was no error in any proceeding of the court. A mistake or illegality in conducting the survey, or the failure of the defendant to offer evidence thereof, was not an error of the court of any kind. The principle of the cases cited applies to and controls the present case, and requires that the motion should be denied. It is not intended to imply that there was any illegality in the mode of making the survey, as that question has not been considered.