## SCHOOL-DISTRICT No. 13, SHERMAN COUNTY, *v.* LOVEJOY.

### (*Circuit Court, D. Nebraska.* May, 1882.)

**JUDGMENT BY DEFAULT—SERVICE ON PARTY—BILL TO SET ASIDE.**

A judgment by default against a party who has been regularly served with summons in the action, will not be set aside after the term, on the ground that such party had a good defense to such action and wrote to an attorney to appear for him, but did not disclose his defense, and that he had no knowledge that such letter was not delivered to the attorney until after the judgment was rendered and the court had adjourned *sine die*

In Equity.

*Groff & Montgomery,* for complainant.

*Mr. Pritchett,* for respondent.

McCRARY, J.  It may be conceded that the letter to Marquett was mailed as alleged, and that it was lost in the mail by accident, and still there is no sufficient showing of diligence in the defense of the action at law.  Litigants are, for reasons of great public importance, required to exercise due diligence in prosecuting or defending suits in which they are parties.  Courts cannot make rules to aid or relieve those who are guilty of negligence.  If Marquett had received the letter, he would have been under no legal obligation to defend the action. Moreover, it does not appear that he was furnished with the facts constituting the defense, nor with the names of witnesses relied upon to prove them, nor that any fee was paid or tendered him.  Under such circumstances, and having received no answer to its communication, the complainant had no right to rely upon Mr. Marquett to

make its defense, and was bound to appear and look after the case. This ruling is abundantly supported by the authorities. See Freem. Judgm. §§ 502, 503, and cases cited.

Demurrer sustained.