### ROGERS and others *v.* BOWERMAN.

*(Circuit Court, S. D. New York. August 22, 1884.)*

PRACTICE AND PROCEDURE—REMITTING PART OF VERDICT—WHEN ALLOWED—RIGHT OF APPEAL.

A trial court, in a meritorious case, will not allow a plaintiff to remit a part of the amount for which a verdict has been rendered, when such reduction will deprive the defendant of an opportunity to have the decision reviewed in an appellate court.

At Law.

*Wheeler & Souther*, for complainants.

WALLACE, J. The plaintiffs ask leave to remit part of the amount for which the verdict in this case, by direction of the court, was rendered in their favor. The result, if such a reduction of the judgment to be entered is permitted, would be to reduce the judgment below the sum of $5,000, and thereby preclude the defendants from a review by writ of error to the supreme court. Undoubtedly, it is competent for the trial court, in the exercise of judicial discretion, to allow such a reduction to be made; but such a discretion should be very carefully and sparingly exercised. Certainly, this is not a case where the court should willingly deprive the defendants of an opportunity to review the decision. As is said in *Thompson* v. *Butler*, 95 U. S. 694, 696, "if the object of the reduction is to deprive an appellate court of jurisdiction in a meritorious case, it is to be presumed the trial court will not allow it to be done." It is far from clear that the plaintiffs were entitled to recover, and a verdict was directed for them with grave doubt as to the correctness of the conclusions reached by the court. It is a peculiarly meritorious case for the consideration of the appellate court.

The motion of the plaintiffs is denied.