LANDESMANN v. JONASSON and others.

*(Circuit Court, S. D. New York. September 4, 1887.)*

PATENTS FOR INVENTIONS—IMPROVEMENT IN CLOAKS—INVENTION.
In letters patent No. 296,021, of April 1, 1884, to Jacob Landesmann, for an improvement in that class of ladies' cloaks known as "Russian Circulars," the improvement consists in extending the inner front parts to the back seams, making a close fitting waist, and leaving the outer part loose and flowing. *Held,* that the improvement was not patentable, neither the tight-fitting garment nor the outside part being new, and the ordinary skill of those practicing the art of cloak-making being adequate to put the two together.

In Equity.
*M. B. Philipp,* for orator.
*Wm. A. Jenner,* for defendants.

WHEELER, J. This suit is brought upon letters patent No. 296,021, dated April 1, 1884, and granted to the orator for an improvement in that class of ladies' cloaks known as "Russian Circulars," which consists in extending the inner front parts to the back seams, making a close-fitting waist, and leaving the outer part loose and flowing. The defenses set up and relied upon are that this improvement does not constitute a patentable invention; and that, if it does, the orator was not the first inventor. The statute authorizing the grant of patents seems to contemplate that the invention for which a patent may be granted must be outside of the ordinary skill of those who practice the art to which the invention belongs. Rev. St. U. S. § 4888. There were among those practicing this art designers of styles for fashion, as well as for the comfort of the wearers, and makers to carry out the designs. There were cloaks with close-fitting waists before, as well as those on which the improvement was made with the flowing outer portions. What was accomplished, and what was claimed in the patent, was the putting of a tight waist into a Russian circular in place of the former loose waist. This new style appears to have gone into extensive use for a time, and

was fashionable. After a while the fashion changed, and they went comparatively out of use. The question upon this part of the case appears to be whether this change made in this style of cloaks belonged to the genius of an inventor or to the skill and taste of a designer and maker. These cloaks were warmer, and more convenient in some respects, than Russian circulars of the former styles; but apart from their style they do not appear to have had any superiority in comfort or convenience over other cloaks known and in use. This was new, and if everything new was patentable this would be; but every new thing is not patentable. It must be new and useful, substantially. Rev. St. § 4886; *Atlantic Works* v. *Brady*, 107 U. S. 192, 2 Sup. Ct. Rep. 225; *Slawson* v. *Grand Street R. Co.*, 107 U. S. 649, 2 Sup. Ct. Rep. 663; *Hollister* v. *Benedict*, 113 U. S. 59, 5 Sup. Ct. Rep. 717; *Thompson* v. *Boisselier*, 114 U. S. 1, 5 Sup. Ct. Rep. 1042; *Gardner* v. *Herz*, 118 U. S. 180, 6 Sup. Ct. Rep. 1027; *Pomace Holder Co.* v. *Ferguson*, 119 U. S. 335, 7 Sup. Ct. Rep. 382.

If the designer of such cloaks thought that a close-fitting waist in a Russian circular would be desirable, the skill of a cloak-maker would readily devise one. The waist, when constructed according to the method of the patent, does not appear to be different from ordinary close-fitting waists. The tight-fitting garment was not new, and the outside part was not new, and the ordinary skill of those practicing the art of cloak-making would appear to be adequate to putting them together. On much consideration, what the patent was granted for appears to fall without the domain of patentable invention. Upon this conclusion, and the authorities cited, the bill of complaint cannot be maintained. This result makes the determination of the question of priority unnecessary.

Let there be a decree dismissing the bill of complaint, with costs.