## VULCANITE Co. *v.* AMERICAN Co.[1]

*(Circuit Court, E. D. Pennsylvania. October 10, 1887.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—COMPOSITE PAVEMENTS.

> Letters patent 269,480 were granted for an improvement in composite pavements formed with circular, square, or analogous depressions, equal or nearly equal in diameter in each direction, and with even or level margin on the pavement surface, adapted to afford an additional hold to the feet, and prevent slipping. *Held*, to possess patentable novelty, and to be infringed by a pavement made of slag, cement, and a concrete of gravel and cement with a top dressing of slag and cement, and finished with a roller which made impressions upon the surface.

In Equity. Bill for infringement of letters patent.

This is a suit brought against the American Artificial Stone Pavement Company for infringing letters patent No. 269,480, granted December 19, 1882, to Peter Stuart, of Edinburgh, Scotland, for an improvement in composite pavements. The improvement is especially, though not exclusively, intended for application to sidewalks; and it consists in the formation in the surface of pavements of depressions of such a character that in stepping thereon the pressure of the feet will expel the air, causing a partial vacuum, which, supplementing the mechanical effect of the roughened surface, will operate to afford an additional hold to the feet

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

and prevent slipping. This beneficial effect is greater when the pavement is wet, at which time pavements as ordinarily constructed with smooth or grooved surfaces are more than usually slippery. The claim in the patent is for a composite pavement formed with circular, square, or analogous depressions of equal or nearly equal diameter in each direction, and with even or level margin on the pavement surface, to adapt them to operate in the manner described. By an agreement entered into between Peter Stuart, the patentee, and Matthew Taylor, of New York, the latter became the owner of the right to use the patent in suit in the United States and Canada. The said Taylor subsequently assigned the right to use said patent in the city and county of Philadelphia, in the state of Pennsylvania, to the complainant corporation. The prayers of the bill were for an injunction and an account.

*George J. Harding, William Henry Smith,* and *George Harding,* for complainant.

*Hector T. Fenton,* for respondent.

PER CURIAM. The evidence does not satisfy us that the complainant's contrivance to avoid the danger of slipping on smooth surfaced composite pavements was anticipated, nor that it lacked patentable novelty. In this respect the case is doubtless near the line, and calculated to inspire doubt. To create doubt, however, is not sufficient to overthrow the presumption arising from the patent; the evidence should be satisfactorily convincing. Nor is it clear that this contrivance is shown by the record of complainant's former patent for composite pavements. That patent was exclusively for other elements than the face. It is very doubtful whether the ideas embraced in this contrivance could have been gathered from the drawing of the former patent, and it is not suggested that any hint of them is to be found elsewhere in the record. If this were otherwise, however, the result would be the same, as appears from *McMillan* v. *Reese,* 1 Fed. Rep. 722, and other cases to the same effect, preceding and following it.

A decree must therefore be entered for an account, and an injunction, with costs.