### Stuart v. Thorman et al.

*(Circuit Court, D. Maryland. November 21, 1888.)*

**PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION—ANTICIPATION.**

Complainant's patent was for a composite pavement, formed with depressions in which the pressure of the foot produced a partial vacuum, and prevented slipping. It was especially intended for sidewalks. *Held,* that a patent for a concrete street pavement, formed by passing a corrugated roller over it before it had become cold so as to make indentations to catch the shod feet of horses, was not an anticipation of complainant's patent, and, it having been adjudicated in complainant's favor in a former case, a preliminary injunction should be granted, where the affidavits and specimens exhibited show that defendants' patent is an infringement.

In Equity.  On motion for preliminary injunction.

Bill by Peter Stuart against John H. Thorman and one Brumshagen, partners in trade under the firm name of John H. Thorman & Co., to enjoin the infringement of patent No. 269,480, granted to said Peter Stuart, of Glasgow, Scotland, 19th December, 1882, for composite pavements. The claim of the patent is as follows:

"A composite pavement, formed with circular, square, or analogous depressions of equal or nearly equal diameter in each direction, and with even or level margin on the pavement surface, to adapt them to operate in the manner described."

The specification describes the mode of operation as follows:

"My improvement is especially, though not exclusively, intended for application to sidewalks, and it consists in the formation in the surface of pavements of depressions of such a character that in stepping thereon the pressure of the feet will expel the air, causing a partial vacuum, which, supplementing the effect of the roughened surface, will operate to afford an additional hold to the feet, and prevent slipping. This beneficial effect is greater when the pavement is wet, at which time pavements as ordinarily constructed with smooth or grooved surfaces are more than usually slippery."

*Price & Steuart*, for complainants.
*Wm. Pinkney Whyte*, for defendant.

MORRIS, J.  The complainant exhibits his patent, together with the record of the case of *Vulcanite Paving Co.* v. *American Artificial Stone Pavement Co.*,[1] in the circuit court of the United States for the Eastern district of Pennsylvania, in which, by the judgment of Judges McKENNAN and BUTLER, his patent was adjudicated and sustained. The same defenses were made in that case as in this, and were considered and passed upon by the court. All the anticipating patents now set up in defendant's answer were set up then, except No. 90,825, dated June 1, 1869, granted to Dolch & Duempleman. I am satisfied that this is not an anticipation of the invention claimed by complainant. The specification of the Dolch & Duempleman patent states:

"The smooth surface of all concrete pavements is very objectionable on account of the liability of horses slipping thereon. To oviate this difficulty, we pass over the pavement, before it becomes perfectly cool, a corrugated roller, or a roller having a series of flanges or projections around its circumference, which indents the surface, leaving it in the condition of the Nicholson or any other well-paved road."

This was simply a method of producing lines of depression or indentations in a composition road-bed, such as would catch the shod feet of horses, and prevent them from slipping. It would not accomplish what the complainant sets out to accomplish, and complainant's invention would be almost entirely useless in preventing horses from slipping, which was the object which Dolch & Duempleman had in view. Complainant's invention is especially intended for sidewalks, and consists in the formation in the surface of a smooth pavement of depressions of such a character

---

[1] Reported in 34 Fed. Rep. 320.

that in stepping on them the pressure of the foot on a number of them at once will expel the air, and, by causing a vacuum, afford by suction an additional hold to the sole of the shoe, to prevent slipping. This result it is claimed is more effectively attained when the pavement is wet, and ordinarily would be more slippery, because then the suction is more complete. It is perfectly plain that continuous corrugated lines, or large depressions, such as would assist the foothold of shod horses, would have no such effect.

The case in the Eastern district of Pennsylvania having been, as appears from the record and the briefs of the very able counsel who took part in its presentation, thoroughly contested, the complainant is entitled now to the benefit of that adjudication in his favor. The affidavits filed in support of this motion for a preliminary injunction, and the specimens of the pavement put down by the defendant, exhibited in court, leave no doubt in my mind as to the infringement. The complainant, therefore, under all the rules of practice governing such applications, is entitled to the granting of a preliminary injunction as prayed.