STUART et al. v. CITY OF ST. PAUL et al.

(Circuit Court, D. Minnesota, Third Division. January 27, 1894.)

1. EQUITY PRACTICE—VACATING PRO CONFESSO DECREE.
A final decree against defendant upon a bill taken pro confesso charging infringement of a patent will not be vacated and defendant permitted to answer, though defendant's neglect is sufficiently excused, where the patent has been sustained in other circuits, and the answer submitted does not refer to or plead any patent claimed to anticipate that in suit, nor specify any time or place where, or any party by whom, the invention described was ever used before application made for the patent.

2. SAME.
A final decree on a bill taken pro confesso cannot be vacated at a subsequent term where no application was made at the term at which it was rendered.

In Equity. This was a motion by the city of St. Paul to vacate a final decree rendered against it upon a bill by Peter Stuart and others, charging infringement of a patent, and to permit the defendant to answer.

Paul & Merwin, for complainants.
Leon T. Chamberlain, for defendant the city of St. Paul.

SANBORN, Circuit Judge. This is a motion to vacate a final decree rendered June 5, 1893, during the January, 1893, term of this court, against the defendant the city of St. Paul upon a bill charging the infringement of a patent, and to permit the defendant to answer. The motion is denied for the following reasons:

First. The patent on which the bill is based has been sustained after a contest in the circuit court for the eastern district of Pennsylvania in Vulcanite Co. v. American Co., 34 Fed. 320, and in the circuit court for the district of Maryland in Stuart v. Thorman, 37 Fed. 90. Conceding, for the purposes of this decision, that the neglect of the corporation attorney is sufficiently excused by the affidavits filed, it must be presumed that the proposed answer of the city states every substantial defense it could interpose in this action. The answer has been carefully examined, and it does not refer to or plead any patent which is claimed to anticipate that in suit, nor does it specify any time or place where, or any party by whom, the invention described in the patent was ever used before application was made for the patent. Under this answer the only substantial defense is that the invention was not patentable. That question is so far foreclosed by the decision of the circuit courts already rendered that this court ought not to come to a different conclusion until all controversy is put at rest by a decree of the supreme court of the United States. Manufacturing Co. v. Bancroft, 32 Fed. 590; Manufacturing Co. v. Spalding, 35 Fed. 67; Reed v. Railway Co., 21 Fed. 284; Celluloid Manuf'g Co. v. Zylonite Brush & Comb Co., 27 Fed. 295. As it does not appear that the city of St. Paul ever had any substantial defense to this suit, there is no reason why the decree should be vacated.

Second. It is not in the power of this court to vacate this final decree in any event. It was rendered at the January term, 1893. No application to vacate or modify it was made at that term. The nineteenth equity rule provides that:

"When the bill is taken pro confesso the court may proceed to a decree at any time after the expiration of thirty days from and after the entry of the order to take the bill pro confesso and such decree rendered shall be deemed absolute unless the court shall at the same term set aside the same or enlarge the time for filing the answer upon cause shown upon motion and affidavit of the defendant."

The bill in this case was taken pro confesso, and the final decree entered in strict accordance with the rules and practice of this court. No rule of practice is better settled than that the United States circuit courts have no jurisdiction to vacate or modify final decrees in equity subsequent to the term at which they are rendered, except to correct formal or clerical errors. Bronson v. Schulten, 104 U. S. 415; Allen v. Wilson, 21 Fed. 881, and cases cited.