McGREGOR et al. v. VERMONT LOAN & TRUST CO.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1900.)

No. 592.

1. EQUITY—POWER TO VACATE DECREE—EXPIRATION OF TERM.
   A federal court of equity has no power to vacate a decree on motion made after the close of the term at which it was entered.
2. SAME—EXTENSION OF TIME TO PLEAD—DISCRETION OF COURT.
   Where defendants failed to answer within 60 days allowed them by the court after the overruling of their demurrer, or within the additional time allowed by equity rule 34 after the overruling of a plea in abatement subsequently filed, it was not an abuse of discretion for the court to refuse to grant further time and to sustain a motion for a decree pro confesso.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Idaho.

George W. Goode, for appellants.
A. E. Gallagher, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was a suit to foreclose a mortgage executed to the appellee by the appellants Henry McGregor and Thyrza C. McGregor, his wife. Various other parties were made defendants; among others, the appellant Alfred Goode. To the amended bill filed in the cause the appellants filed a demurrer, which was overruled by the court December 5, 1898, with leave to answer within 60 days. None of the other defendants made an appearance, and their default was, therefore, entered. Without having filed any answer, the appellants, together with the defendants Nathan A. West and Mary J. West, his wife, filed, on the 14th day of February, 1899, a plea in abatement, which plea was, on the application of the appellee, set down for hearing, and, being heard, was by the court overruled on March 13, 1899, for manifest insufficiency. On the 16th day of March following, the parties whose plea had thus been overruled filed "a petition for rehearing and for leave to file an amended plea in abatement," and this petition the appellee caused to be set down for hearing April 3, 1899, which was the rule day next succeeding the overruling of the plea. The appellants not having answered, or filed any other plea, on or before April 3, 1899, appellee moved for a decree pro confesso, which motion, together with the application of the appellants and the defendants Nathan A. West and Mary J. West for leave to file an amended plea, came on for hearing in open court on the day last mentioned, both sides being represented by their solicitor, when the court denied the application for further time to plead or answer, and granted the appellee's motion that the amended bill be taken pro confesso as to the defendants McGregor, West, and Goode, and subsequently signed a final decree granting the appellee the relief prayed for, which was entered of record. After the expiration of the term at which the decree was entered, the appellants moved, upon certain

affidavits, that the decree be vacated; and the denial of that motion by the court below and the action of the court in confirming a sale of the mortgaged property made under the decree constitute the only matters complained of that appear in the bill of exceptions.

It is a sufficient answer to the motion to vacate the decree to say that, the term of the court at which the decree was entered having ended, the court had no power to vacate it. Brooks v. Railway Co., 102 U. S. 107, 26 L. Ed. 91; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 997; 2 Beach, Mod. Eq. Prac. § 983. The objections to the confirmation of the sale seem to proceed upon the ground that the amount for which the decree was entered exceeded the amount which should properly have been adjudged under the averments of the amended bill. It is manifest that the decree, until properly vacated, is conclusive of the amount due the complainant in the cause.

Assuming that the record is in such condition as to admit of a consideration of the action of the court below in respect to the pleadings, we do not find any error for which the judgment should be reversed. Upon the overruling of the appellants' demurrer to the amended bill the court below gave them 60 days within which to answer, which they wholly failed to do, either within the time thus granted or within the further time allowed them under equity rule 34 after the overruling of their plea in abatement. When, therefore, the court below, on the 8th day of May, 1899, refused them further time to plead or answer, and gave the appellee a decree pro confesso, it did not abuse its discretion. The judgment is affirmed.