SAN DIEGO FLUME CO. v. SOUTHER et al.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1900.)

No. 419.

WATER—CONTRACTS FOR SUPPLYING—VALIDITY UNDER LAWS OF CALIFORNIA.
Const. Cal. 1879, art. 14, § 2, providing that "the right to collect rates or compensation for the use of water supplied to any county, city and county, or town, or the inhabitants thereof, is a franchise, and cannot be exercised except by authority of and in a manner prescribed by law," does not render invalid contracts for the supplying of water, and the payment of rentals therefor, until such time as the legislature shall expressly confer power by statute to make such contracts, but its purpose is to require conformity to such statutes if enacted.

On Rehearing. For former opinion, see 32 C. C. A. 548, 90 Fed. 164.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. A rehearing of this case was allowed upon the petition of persons interested in one of the questions involved appearing as amici curiæ, who earnestly contended that the long line of decisions of the supreme court of California, sustaining the validity of contracts for water rights entered into between wa-

ter companies and consumers of water, did not necessarily include an adjudication that such contracts were not rendered invalid by certain provisions of the constitution of California, since it nowhere, in express terms, appeared in any of those decisions that those provisions were construed, or that they were brought to the attention of the court. It was further suggested that the question of the validity of such contracts as affected by the constitution was about to be directly presented to that court in a case then pending. Upon the presentation of the cause before us on the rehearing several briefs have been filed by amici curiæ, indicating that the question discussed is one of general interest, and involves issues which are important to large industries in the state. Following upon these briefs comes a decision of the supreme court of California, which leaves no doubt of the attitude of that court towards the constitutional question which we are asked to reconsider. Irrigation Co. v. Parke, 62 Pac. 87. In the opinion in that case the court, referring to its numerous decisions covering a period of about 10 years, in which decisions the validity of contracts such as that involved in the present suit was sustained, alluded to the contention that those cases should not be considered of value as authority because it did not expressly appear therein that the provisions of the constitution had been brought to the attention of the court, and said:

"It would be remarkable, indeed, if, during the consideration of all these various cases down to the year 1898, the thought never suggested itself to either the court or counsel that the novel and notable provisions of the constitution about water, now relied on, could be invoked as defenses to those actions."

The court then proceeded to set at rest all doubt of the validity of such contracts by carefully considering the provisions of the constitution which were referred to in the former opinion of this court in the present case, and held that the provision that "the right to collect rates or compensation for the use of water supplied to any county, city and county, or town, or the inhabitants thereof, is a franchise, and cannot be exercised except by authority of and in a manner prescribed by law" (article 14, § 2), did not prohibit the owner of a water ditch from selling water, or contracting to furnish water, or from collecting rentals therefor, until the legislature should enact a statute expressly conferring the power to do these things; but that the true meaning of such provision is that, if the legislature shall prescribe by statute the manner in which such right shall be exercised, that manner must be followed, if the consumer insist upon it, but that, in the absence of such a statute, the words, "by authority of law," mean only by authority of the general law of the land. The court said: "Our conclusion is that the contract involved in the case at bar is not made invalid by the provisions of the constitution invoked by the appellants." We consider that case an affirmative expression of the meaning of the former decisions of the supreme court of the state of California construing rights arising out of contracts between corporations such as the appellant in the present case and consumers of water. It is urged that the doctrine of that decision is not binding upon us. We think oth-

erwise, but, if it were not, our investigation of the question involved leads us to the same conclusion as that reached by the supreme court of California. The facts so aptly alluded to in the opinion of that court, that at the time when the constitution was adopted, in 1879, there existed numerous water companies in the state which were subject to its provisions, and which, upon the contention of the amici curiæ who take the contrary view of the meaning of the constitution, were left powerless to contract for water rights, or collect for the same during the years that followed until statutory provision for their regulation was made, and the fact that such corporations were not by statute made public or quasi public, taken together with the language itself of the constitutional provisions, all point to the conclusion that notwithstanding that the use of water was declared to be a public use and subject to regulation by law, and the right to collect rates was declared to be a franchise to be exercised only in the manner prescribed by law, such corporations were not intended to be deprived of the power to enter into contracts with consumers upon terms agreeable to both, or until such time as the right should be fixed in the manner prescribed by law, or to agree upon a rate less than the maximum rate so established.

Our attention is directed to a recent decision of the United States supreme court in Osborne v. Town Co., in the official report of which, as found in 178 U. S. 22, 20 Sup. Ct. 860, Adv. S. U. S. 860, 44 L. Ed. 961, it is said in the syllabus that the court held the appropriation and disposition of water in California to be a public use, and that tolls for the use of the same "cannot be fixed by the contract of the parties." This statement of the syllabus is misleading.[1] As we understand the import of the decision, it is quite the reverse of the quotation from the syllabus, and it admits impliedly, at least, that, in the absence of statutory regulation of water rates, contracts may be made therefor between water companies and the consumers of water.

We have no doubt of the correctness of our former ruling, that the judgment of the circuit court should be reversed, and the cause remanded for further proceedings in accordance with these views. It is so ordered.

[1] The misleading paragraph in 178 U. S. reads as follows:
"The appropriation and disposition of water in California is a public use, and the right to collect tolls or compensation for it is a franchise, subject to regulation and control in the manner prescribed by law, and such tolls cannot be fixed by the contract of the parties."
The syllabi published in 20 Sup. Ct. and 44 L. Ed. are not criticised.