### BAYLEY & SONS, Inc., v. MORGAN.

(District Court, E. D. New York. August 7, 1920.)

Courts ⬯354—No power to set aside decree pro confesso after term.
    Under equity rule 17 (198 Fed. xxiii, 115 C. C. A. xxiii), providing that a final decree entered on an order pro confesso "shall be deemed absolute unless the court shall, at the same term, set aside the same * * * upon cause shown," the court is without power after the term to set aside such a final decree.

In Equity. Suit by Bayley & Sons, Incorporated, against George Morgan, doing business as Morgan & Co. On motion by defendant to open default and permit filing of an answer, and to vacate decree taken pro confesso. Motion denied.

Frank F. Adel, of Evergreen, N. Y., for the motion.
Dodson & Roe, of New York City, opposed.

GARVIN, District Judge. This is a motion for an order opening a default of the defendant above named, permitting him to file his answer to the complaint herein, and vacating and setting aside the judgment entered herein June 30, 1920. The moving papers show, and it is not denied, that on September 26, 1917, the defendant was served with a summons and bill of complaint in the above-entitled action, a suit in equity, in which the plaintiff was suing John Morgan, doing business under the firm name of Morgan & Co. The defendant told the deputy marshal, who sought to effect service, that he was not John Morgan, and that the latter was dead. The deputy marshal told the defendant to keep the paper. The defendant disregarded the summons and bill of complaint, and took no action with respect thereto. This motion was made after the expiration of the term during which

a final decree was entered herein against the defendant; the plaintiff, after the service of the summons, having amended the title of the action by substituting George Morgan, in place of John, as defendant. This was without notice to the defendant.

The papers in opposition show, and it is not denied, that the defendant never did anything after the service of the summons to inquire about the action; that the title was amended December 14, 1917; that thereafter the plaintiff took no action in the matter until December 19, 1919, when a final decree was entered pro confesso against the defendant. The records of this court show that the final decree was entered in December, 1919, and not in June, 1920, as alleged by defendant.

Plaintiff alleges, and it is not denied, that on July 13, 1917, a letter was sent to John Morgan & Sons, advising them they were infringing the plaintiff's patent; that on July 16, 1917, the defendant George Morgan wrote to counsel for plaintiff, stating that the business of John Morgan & Co. was taken over by Morgan & Co. This letter, written by the defendant, was signed by "Morgan & Co., Geo. Morgan." The handwriting of "Geo." was such that plaintiff's counsel believed the name to be "John" Morgan. After the receipt of this letter the summons and bill of complaint were served.

It is apparent that the defendant, who had notified plaintiff that the business of John Morgan & Co. had been taken over, knew that he, the defendant, was intended to be named in the summons. Having discussed the question of his identity with the deputy marshal who made the service, it was his duty to take legal advice, when the latter insisted upon leaving the paper with him. It appears, therefore, that no case is presented which would afford the slightest justification for disregarding rule 17 of the Equity Rules (198 Fed. xxiii, 115 C. C. A. xxiii), which reads in part as follows:

"When the bill is taken pro confesso the court may proceed to a final decree at any time after the expiration of thirty days after the entry of the order pro confesso, and such decree shall be deemed absolute, unless the court shall, at the same term, set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit."

When this rule has been the subject of judicial interpretation, the courts have uniformly held that the court is without power to set aside such a final decree, unless the motion is made at the same term as that at which the decree was entered. U. S. v. Millinger (C. C.) 7 Fed. 187; School Dist. v. Lovejoy (C. C.) 16 Fed. 323; Allen v. Wilson et al. (C. C.) 21 Fed. 881; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; McGregor et al. v. Vermont Loan & Trust Co., 104 Fed. 709, 710, 44 C. C. A. 146.

Although I am exceedingly doubtful whether defendant has presented such facts as to justify granting this application as a matter of discretion, I prefer to base my decision upon the ground that under rule 17, as construed by a long line of authorities, the motion must be denied.