[L. A. No. 6739.   In Bank.—November 10, 1922.]

JOHN C. BREWER et al., Petitioners, v. RAILROAD
COMMISSION OF THE STATE OF CALIFORNIA,
Respondent.

[1] Waters and Water Rights—Fixing of Rates by Railroad Com-
mission—Status of Company—Estoppel of Consumers—Effect
of Judgment.—Water company consumers, who, by submission to
the jurisdiction of the Railroad Commission in prior rate-fixing
proceedings and by the payment of the established rates on the
theory that the company was a public utility, have waived their
right in a subsequent rate-fixing proceeding to stand upon their
water rights agreements and to claim as to them that the com-
pany was not a public utility, are in no better position than
other consumers who have likewise waived their rights, by reason
of a judgment antedating the proceedings in an action between
them and the company in which the validity of their water rights
agreements was upheld without the question of the company being
a public utility directly arising.

APPLICATION for a Writ of Certiorari to review
orders of the Railroad Commission fixing water rates.
Denied.

The facts are stated in the opinion of the court.

Jesse George and Clarence S. Preston for Petitioners.

Hugh Gordon and William W. Clary for Respondent.

C. C. Crouch and Sweet, Stearns & Forward for Certain
Applicants.

RICHARDS, J., *pro tem.*—This proceeding is, in substance,
identical with the proceeding entitled *Brewer* v. *Railroad
Commission, ante,* p. 60 [210 Pac. 511]. The petition filed
in the former proceeding on October 22, 1920, was refiled on
November 15, 1920, for the purpose of obviating an objection
based on the ground that the petition for rehearing in one of
the proceedings before the Railroad Commission had not been
finally acted on by the commission at the time said former
petition was filed. Said petition was later denied and no
point was made in the former proceeding that the applica-

tion therein had been prematurely filed. Our decision, this day filed, in said former proceeding therefore disregarded that objection and is applicable to all points presented in the instant proceeding with the exception of the question raised by the separate petition of the petitioners Strobeck and Legge, who, while joining in the main petition, add thereto an additional claim for relief based upon averments peculiar to their alleged water right agreement. These averments are, in brief, that said petitioners Strobeck and Legge are successors in interest of certain contract holders named C. H. Souther and Souther & Crosby, who, in the year 1890, had acquired certain lands in the "S" subdivision of the El Cajon Rancho and who in that year had received said water rights agreements from the San Diego Flume Company for the service of water upon their said lands in specific amounts per acre and at a specified rate. These water rights agreements would be subject to the same conditions held in our former opinion, this day filed, to affect water rights agreements of all other petitioners but for the added averments of said Strobeck and Legge to the effect that in the year 1901, in an action brought by said Souther & Crosby in the district court of the United States for the southern district of California against the San Diego Flume Company to cancel said contracts upon the ground that the said flume company had not lived up to their terms, the flume company had filed a cross-bill for the recovery of the contract price of the water to be furnished the plaintiffs under said contracts and that a judgment had been rendered in favor of the cross-complainants upholding said contracts, which judgment had been affirmed on appeal by the circuit court of appeals in the case of *San Diego Flume Co.* v. *Souther*, 90 Fed. 164 [32 C. C. A. 548], and *San Diego Flume Co.* v. *Souther*, 104 Fed. 706 [44 C. C. A, 143], the latter being a decision of said court upon rehearing. The said petitioners further allege that, after the rendition of these decisions in said cause, the parties thereto entered into a stipulation settling said controversy and agreeing that said contracts should remain and be in full force and effect. The foregoing decisions were rendered in the years 1898 and 1900, respectively, and said stipulation between the parties to said action was dated February 14, 1903. The said petitioners assert that the judgment in

said cause constituted a final and conclusive adjudication as to the validity of said contracts and the vested rights of the parties thereto thereunder. A reference to the two decisions of the federal court, above referred to, will show, however, that the question as to whether or not the San Diego Flume Company was a public utility at the time of entering into said contracts did not directly arise and that all that said court in both of its said decisions decided was that a California corporation organized after the adoption of article XIV, section 2 of the constitution of 1879, providing that "the right to collect rates or compensation for the use of water to be supplied to any county, city and county, or town, or to the inhabitants thereof, is a franchise and cannot be exercised except by authority of and in the manner prescribed by law," was not by said provision of the constitution precluded from making contracts for the supplying of water and the payment of rentals therefor until such time as the legislature had made statutory provision for the regulation of the rates to be charged by such corporation. The court further held that the fact that the board of supervisors of the county of San Diego, acting under the statute of 1885 empowering such boards to fix and regulate the water rates of corporations had adopted an ordinance fixing the water rates to be charged by the San Diego Flume Company at a certain rate did not preclude said company from entering into contracts with water users for a less rate. [1] We are unable to see how these particular petitioners are aided by these decisions or by the judgment rendered in said cause. The trial of said cause and the judgment therein and the stipulation of the parties thereto as to the effect of said judgment all antedated by several years the several proceedings before the Railroad Commission referred to and fully discussed in our opinion in the prior proceeding, this day filed. These special petitioners are in no better position as to the validity of the water right agreements held by their predecessors in interest in said tract of land than are all the other holders of such agreements who were parties to such proceedings and who are held to have submitted themselves and their alleged contract rights to the jurisdiction of said commission in one or the other of such proceedings and to have ac-

quiesced in the prior orders of the commission regulating water rates.

Upon the authority of our opinion in the former proceeding, this day filed, the petition herein is denied, both as to the general petitioners herein, and as to the special petitioners upon their separate application herein.

Shaw, C. J., Waste, J., Lennon, J., Wilbur, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices present concurred.