## MARTIS v. LUCKENBACH S. S. CO., Inc.

(District Court, E. D. New York.   October 31, 1923.)

1. **Removal of causes ⬉112—Does not waive question of jurisdiction.**

   A party, by removing an action to the federal court, does not thereby waive the question of jurisdiction; but he has the same right to invoke the decision of the federal court as to the validity of the previous service that he has to ask its judgment on the merits.

2. **Courts ⬉275—Seaman's complaint, failing to allege location of employer's principal place of business or residence, dismissed.**

   Under Merchant Marine Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), a complaint in an action for personal injuries to a seaman, which failed to allege where employer's principal place of business was located or whether it was a resident of the district wherein the action was brought, must be dismissed, where employer, appearing specially, moved for dismissal on the ground that employee was an alien and that it was a resident of another state.

At Law.   Action by Eusebio Martis against the Luckenbach Steamship Company, Inc.   On motion to dismiss for want of jurisdiction. Motion granted, and complaint dismissed, but without prejudice.

Frederick R. Graves, of New York City, for plaintiff.

Raymond E. Stefferson, of New York City, for defendant.

GARVIN, District Judge.   [1] Defendant moves to dismiss the action for want of jurisdiction.   Plaintiff resists the motion, relying upon a decision of this court in Cintron v. Panama Railroad Co., decided July 24, 1923, in which the court held that defendant, by removing the action from the state court to this court, had waived any question of jurisdiction.   When the Cintron Case was submitted, the attention of the court was not directed to the decision of the Supreme Court in the matter of General Investment Co. v. L. S. & Michigan Southern R. R. Co. et al., 260 U. S. 261, 43 Sup. Ct. 106, 67 L. Ed. 244.   In that case the court says (43 Sup. Ct. at page 110):

"The plaintiff contends that even if the service was not good, the company waived the fault and submitted to the court's jurisdiction.   Three things are relied on as constituting or showing such a waiver and submission.   They are, the petition for removal, a stipulation bringing before the District Court evidence presented in the state court, and a brief filed in opposition to the motion to remand.   We think the contention has no support in any of them.   In fact, the petition for removal contained an express declaration that the company was 'not intending to waive any question of the sufficiency of service or the want of service,' but was 'reserving all questions of service, jurisdiction, and want of service.'   Besides, it is well settled

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that a petition for removal, even if not containing such a reservation, does not amount to a general appearance but only a special appearance, and that after the removal the party securing it has the same right to invoke the decision of the United States court on the validity of the prior service that he has to ask its judgment on the merits."

The Cintron Case therefore cannot be regarded as controlling, and the application will now be considered without regard to that decision.

[2] This suit was begun in the New York Supreme Court, County of Kings, by the service of summons and complaint upon the defendant. Before defendant's time to answer had expired, it took the necessary steps to remove the action to the United States District Court for the Eastern District of New York, appearing specially for that purpose, on the ground that plaintiff was an alien and the defendant a citizen and resident of the state of Delaware. It does not appear in plaintiff's complaint where defendant's principal office is located, or whether the defendant has a principal office within the boundaries of the district wherein this action was brought, or whether the defendant was a resident of that district. The action is brought under the act of Congress known as the Merchant Marine Act, section 33 of which provides as follows:

"Sec. 33. That section 20 of such Act of March 4, 1915, be, and is, amended to read as follows:

" 'Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.' " Comp. St. Ann. Supp. 1923, § 8337a.

It is apparent from this provision of the act that the requirement with respect to the district in which suit must be brought has not been followed. Therefore, under the authority of the General Investment Case, supra, the motion must be granted, and the case dismissed, but without prejudice.