## DALLAS OIL & REFINING CO. v. WASHINGTON COTTON OIL CO. et al.

(District Court, N. D. Texas, at Dallas.   May 24, 1924.)

**1. Equity ⬅️418—Service essential to valid decree pro confesso.**

A valid decree pro confesso cannot be entered against a defendant who has not been served with proper process.

**2. Removal of causes ⬅️112—Removing defendant, who has not been served with process, not required to answer until served.**

A removing defendant, who has been served with process, is required by Judicial Code, § 29 (Comp. St. § 1011), to answer within 30 days; but appearance for removal by a defendant who has not been served does not waive any right, and he is not required to answer until the proper process has been issued by the federal court and served on him.

In Equity. Suit by the Dallas Oil & Refining Company against the Washington Cotton Oil Company and others. On motion to set aside decree pro confesso. Granted.

J. J. Eckford, of Dallas, Tex., for plaintiff.
D. A. Frank, of Dallas, Tex., amicus curiæ.

ATWELL, District Judge. This suit was instituted in the state court in 1921. Among the defendants was the Washington Cotton Oil Company. After some of the other defendants had been served by citation, Austin Boyd filed proper removal memoranda, alleging in the same that he was the Washington Cotton Oil Company, that he was doing business under that trade-name, and that his residence was in Tennessee. It appears as well from the petition as from subsequent proceedings that the controversy was separable, and the other defendants have been dismissed from the case at the request of the plaintiff.

The defendant Washington Cotton Oil Company, Austin Boyd, has never been served with citation, either out of the state court or out of

this court. It appears that this fact was overlooked by all the parties. When the case reached this court, it was improperly docketed upon the law side. Later it was transferred to the equity side. On February 11, 1924, judgment pro confesso was entered against the defendant Austin Boyd; he never having answered. The term at which that decree was entered was closed on March 22d. The present term began on May 5th. On May 23d, D. A. Frank, Esq., the attorney for Boyd, filed a motion, as a friend of the court, suggesting that the decree pro confesso, taken on February 11th, should not have been taken, because the defendant had never been served.

The attorney for the plaintiff contends that, since Boyd appeared in the state court and alleged in his removal application that the Washington Cotton Oil Company was the name under which he was trading, and removed the cause to this court on the ground of diverse citizenship, the last paragraph of section 29 of the Judicial Code (Comp. St. § 1011) required him to file an answer within 30 days from such removal, and that, since he did not do so, the pro confesso decree was properly entered. That part of the Code relied upon reads as follows:

"The said copy [the certified copy of the record from the state court] being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

[1] Equity rule 12 provides that, whenever a bill is filed, the clerk shall issue the process, or subpœna thereon, returnable in 20 days. The defendant is required to file his answer on or before the twentieth day after service, "otherwise the bill may be taken pro confesso." Such decree regards the statements of the bill as confessed. Thompson v. Wooster, 114 U. S. 104, 5 Sup. Ct. 788, 29 L. Ed. 105. In that case it was said:

"That to take a bill pro confesso is to order it to stand as if its statements were confessed to be true. * * * A decree pro confesso is a decree based on such statements, assumed to be true, * * * and * * * as binding and conclusive as any decree rendered in the most solemn manner,"

—which cannot be impeached collaterally, but only upon a bill for review or a bill to set it aside for fraud. The defaulting defendant has merely lost his standing in court. Frow v. De La Vega, 15 Wall. 552, 21 L. Ed. 60.

"When this rule has been the subject of judicial interpretation, the courts have uniformly held that the court is without power to set aside such a final decree, unless the motion is made at the same term as that at which the decree was entered. U. S. v. Millinger (C. C.) 7 Fed. 187; School Dist. v. Lovejoy (C. C.) 16 Fed. 323; Allen v. Wilson et al. (C. C.) 221 Fed. 881; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; McGregor et al. v. Vermont Loan & Trust Company, 104 Fed. 708, 710, 44 C. C. A. 146." Bayley v. Morgan (D. C.) 267 Fed. 858.

But sensibly these authorities bind only when the decree was entered after subpœna. It is unthinkable that a default judgment in a lawsuit, or a pro confesso decree in an equity cause, could be entered against a party who had not been summoned to court.

[2] That section 29 of the Code provides for answer within 30 days is immaterial, so far as the question under discussion is concerned. That statute must be read in connection with the statutes and rules relating to service upon defendants. A defendant who removes from a state court, without service, and without answer, has not waived the right to be served before answering. That one may answer without being served is no reason for a different reading of these statutes.

When a case is removed to the federal court, the time for answer is then changed. Even though a defendant is allowed only 10 days in the state court, after service of citation, within which to file his answer, if he removes before being served, he is not required to answer until a subpœna issues out of the federal court and is served on him. If a defendant removes from the state to the federal court after being served, he must answer within 30 days, as provided by section 29 of the Code. Anders v. Security Mutual Life Insurance (D. C.) 268 Fed. 677. The appearance for removal does not waive any question nor right, nor may it be construed to be an answer. Martis v. Luckenbach (D. C.) 295 Fed. 569; Wabash v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431.

The decree pro confesso will be set aside, and the cause continued for service.