**WEST DISINFECTING CO., Inc., v. ROSENTHAL.**

**ROSENTHAL v. WEST DISINFECTING CO., Inc., et al.**

Nos. 4636, 4711.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1932.

Rehearing Denied April 6, 1932.

Thomas G. Haight, of Jersey City, N. J., E. Clarkson Seward, of New York City, and Alfred J. Kirsh, of Richmond, Va. (Robert M. Barr, of Philadelphia, Pa., of counsel), for appellant West Disinfecting Co.

Leonard L. Kalish, of Philadelphia, Pa. (Clarence B. Des Jardins, of Washington, D. C., and Joseph G. Denny, Jr., of Philadelphia, Pa., of counsel), for appellee Dunbar A. Rosenthal.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

On September 23, 1930, in the court below, Dunbar A. Rosenthal, owner of a patent, brought suit thereon against the West Disinfecting Company, charging infringement thereof. The bill was signed by Herbert J. Jacobi and William J. Jacobi as counsel. In due course the defendant was served and on October 22, 1930, filed an answer and counterclaim. These two were fastened together as one document and were indorsed: "Answer and Counterclaim of West Disinfecting Co., Inc." There being delay in printing these pleadings, counsel for defendant at once mailed typewritten copies of the answer and counterclaim to Messrs. Jacobi, followed by printed ones, all of which were duly acknowledged by letter.

Under Equity Rule 31 (28 USCA § 723), which reads as follows: "If the answer include a set-off or counterclaim, the party against whom it is asserted shall reply within ten days after the filing of the answer, unless a longer time be allowed by the court or judge. * * * In default of a reply, a decree pro confesso on the counterclaim may be entered as in default of an answer to the bill," a reply to the counterclaim was due November 1, 1930. No reply was filed and no request having been made to counsel or court for an extension of time, and no step taken during the two months following, on January 3, 1931, an order to take the counterclaim pro confesso was entered. Meanwhile no other steps were taken by plaintiff, and on February 3, 1931, a decree pro confesso was entered in open court by one of the judges. This was in pursuance of Equity Rule 17 (28 USCA § 723), which is: "When the bill is taken pro confesso the court may proceed to a final decree at any time after the expiration of thirty days after the entry of the order pro confesso, and such decree shall be deemed absolute, unless the court shall, at the same term, set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit." Still no steps were taken by the plaintiff. During the ensuing month, and on March 19, 1931, an injunction pursuant to the pro confesso decree on the counterclaim issued. Meanwhile, it will be noted the current term in which the decree pro confesso was entered ended March 19, 1931.

On March 31, 1931, which was in the next term, the plaintiff moved the court to strike off the decree pro confesso of February 3, 1931, which motion was granted April 17, 1931. From such order the defendant appealed.

The plaintiff seeks to justify the court's order on the ground that no notice of the filing of the counterclaim was given to plaintiff's local counsel of record. This contention, when made as it is made by Rosenthal, the plaintiff, is without merit. His bill was signed and filed by the Messrs. Jacobi, who were in correspondence with defendant's counsel. When the answer and counterclaim were filed, typewritten copies thereof were served by counsel for defendant on Messrs. Jacobi. Again, when these typewritten copies of the answer and counterclaim were printed, such printed copies thereof were sent by defendant's counsel to Messrs. Jacobi. In view of these facts, it cannot be contended Rosenthal was without notice. While Messrs. Jacobi may not have been entered as such on the record, they had prepared the bill, were in active management and control of the case, and charged with knowledge of Equity Rule 17. And served as they were with copies of defendant's answer and counterclaim, it is clear that Rosenthal had notice of the latter and was bound to reply thereto in due time. To contend that, in addition to this actual notice, he was entitled to a further and purpose-

less notice to his local counsel, is to subordinate substance to speculation. Moreover, as applied to the facts of this case, and the actual notice given to Rosenthal through Messrs. Jacobi, Rule 17 required no further notice. Indeed, if local counsel had used proper vigilance in examining the record to see if the answer had been filed on the due day, he would have found, fastened to the answer and duly indorsed, the same counterclaim and answer of which his associate counsel were duly served typewritten and printed copies.

It will thus be seen that in some way Rosenthal, in spite of notice of the counterclaim, failed to defend against it. Though a court is naturally inclined to open a default decree and has wide discretion in so doing, yet in this case the term had passed and the power of the court to vacate this decree ended with the term in which the decree was regularly and legally entered. McGregor et al. v. Vermont Loan & Trust Co. (C. C. A.) 104 F. 709; Bayley & Sons v. Morgan (D. C.) 267 F. 858; Stuart v. City of St. Paul (C. C.) 63 F. 644.

The decree of April 17, 1931, vacating the pro confesso decree, is reversed, and the appeal at 4711 is dismissed.