DE FILIPPIS v. CHRYSLER SALES CORPORATION.

Nos. 46, 47.

Circuit Court of Appeals, Second Circuit.

Dec. 24, 1940.

William J. Rapp, of New York City, for appellant.

Merrell E. Clark and John B. Cuningham, both of New York City (Edward C. Gritzbaugh, Max W. Zabel, and Edward U. Dithmar, all of Chicago, Ill., of counsel), for defendant-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

These two appeals are in separate actions but are closely related, were heard together, and one opinion will serve for both.

The first is from an order entered in the usual suit in equity brought by the appellant to recover for the infringement of United States Patent No. 1968030 issued to him on July 31, 1934. He alleged in the customary way that he was the owner of the patent and that the appellee had infringed. Issue was duly joined and the cause was set for trial on a day certain in the District Court for the Southern District of New York. After negotiations for settlement had failed, the appellee went to considerable expense to make ready for trial on the day set and was then ready. The appellant, however, who had brought the suit and who had been insisting upon a trial moved for an adjournment and the motion was denied. He then moved to dismiss his complaint. On April 4, 1938, this motion was granted upon condition that the appellant (plaintiff) pay to the appellee (defendant) two hundred and fifty dollars within thirty days with the proviso "that in the event no such payment is made, this cause be and the same is hereby dismissed on the merits and with prejudice to any further suit on the patent herein, with respect to the devices complained of herein".

Notice of the entry of the order was served on appellant's solicitor of record on April 22, 1938, and on May 2 an order was entered extending the time for payment an additional thirty days. Two stipulations were filed agreeing to extensions of the time for payment to June 18, 1938, but it was not made and on July 5, 1938, appellee's solicitor filed a statement, duly served on the solicitor for the appellant, showing that the payment had not been made. For a little more than a year and a half nothing was done. On January 12, 1940, appellant's present solicitor became his attorney of record and on February 9, 1940, moved for an order extending the time for the payment of the two hundred and fifty dollars which were then tendered and restoring the case to the docket for trial or, in the alternative, for a modification of the order dismissing the cause to one dismissing it without prejudice. This motion was denied on February 19, 1940, and the appeal is from the order denying it.

Purely as a matter of form the procedure below left something to be desired. When the time for the payment of the terms imposed expired without compliance with the order the entry of an order which took cognizance of that fact and dismissed the suit would have done away with any possible doubt as to whether and when a final order had been made. Stratton v. Dewey, 5 Cir., 79 F. 32. But here we do not think it necessary to decide whether the dismissal became final on June 18, 1938, when the last extension ran out. If it did there was no appeal and the district court had no power to grant the motion as about a year and half had gone by and the term in which the order of dismissal was made had long since expired. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Bailey v. Crump, 4 Cir., 41 F.2d 733; West Disinfecting Co., Inc. v. Rosenthal, 3 Cir., 56 F.2d 320. Assuming, without deciding, that it was not a final order and the court did have jurisdiction with power to entertain the motion to modify, the order appealed from denying that motion was clearly right. It was addressed to the discretion of the court and no reasonable excuse for the failure to make the required payment was presented. Though still not in form a final order it was one in effect, for it finally determined that the dismissal was with prejudice and fixed the rights of the parties thereto.

Treating the order appealed from as the final order of dismissal, the question of the power of the court to dismiss with prejudice arises and that is resolved by both Rule 41 (a) (2) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c and Rule II of the Equity Rules of the Southern District of New York. The latter provides that, "If justice require, the Court,

after issue joined, may refuse to permit the plaintiff to discontinue even though defendant cannot have affirmative relief under the pleadings and though his only prejudice be the vexation and expense of a possible second suit upon the same cause of action". There was ample ground for refusing to let the plaintiff discontinue unconditionally without prejudice. See, E. Fredericks, Inc. v. Eugene, 2 Cir., 3 F.2d 543. And the terms imposed were mild in view of the trouble and expense which the appellee had been caused in preparing for trial.

■ The appeal from the decree dismissing the bill in the suit to set aside the order is without merit as no fraud was alleged.

Both orders are affirmed.