## SUPREME COURT.

### JAMES AND OTHERS agt. KIRKPATRICK.

A summons issued without mentioning any *court* from which it emanates is defective. (*See* 4 *How. Pr. R.* 154; *and Dix agt. Palmer and Schoolcraft, ante page* 233.)

An amendment of such a summons can not support the judgment entered in the action. It is irregular. Besides, the defendant must have liberty to appear and defend.

*Albany Special Term, January* 1851. This was a motion by defendant to set aside a judgment for irregularity. The ground was, that no *court* whatever was mentioned in the summons served upon the defendant. The service was made on the 5th December 1850. Judgment was entered on the 6th January 1851. There was no appearance by the defendant in the action.

JOHN J. COLE, *for Motion.*

WILLIAM BARNES, *Contra.*

PARKER, Justice.—It was decided in Walker vs. Hubbard (4 *How. Pr. R.* 154), that the summons must apprize the defendant in what court it was returnable. The defendant in this case had no knowledge whether he was sued in this court or in the County Court, or Mayor's Court; nor did the defendant learn it was in this court, till his attorney was so informed by the plaintiffs' attorney, several weeks afterwards. The judgment entered upon such defective process is irregular and must be set aside.

The objection that this motion is too late is unavailable. The defendant did not know in what court to move, and he did not learn that the proceedings were in this court, or that any judgment had been entered upon them, till it was too late to move at the last motion court.

The plaintiffs' counsel asks for leave to amend, and seems to suppose that an amendment of the summons will support the judgment. But this is not so, such an order would be clearly unjust. The defendant has never yet had time for appearance and to answer; and he ought not to be precluded from setting up a de-

31

fence, if he has one. The summons was so indefinite that he was not bound to respond to it. If the summons is made good by amendment, the defendant must have the same opportunity to put in a defence, that he would have had, if the summons had been sufficient in the first instance.

Nor is it necessary that the defendant should present an affidavit of merits, to entitle him to such relief. He moves on the ground of irregularity only, and every defendant, whether he have a defence or not, has a right to insist upon regularity of practice and the full time to answer allowed by law.

The plaintiffs are therefore at liberty to amend the summons and defendant must have twenty days to answer, after service on his attorney of a copy of the complaint.

The motion must therefore be granted on such terms, with $10 costs.