## DEANE *a.* O'BRIEN.

*New York Superior·Court; Special Term, September,* 1860.

### PLEADING.—AMENDMENT.

Where, after commencing an action by the service of summons, demanding judgment for a specific amount, the plaintiff discovers that his cause of action is greater than he had supposed, and entitles him to demand a larger amount, his application for leave to amend the summons should be granted. *So held,* where the cause of action was single and entire.

The fact that the amendment defeats the Statute of Limitations as to the additional claim, or may affect defendant's remedies against third parties, forms no objection.

Motion for leave to amend summons.

The facts are stated in the opinion.

HOFFMAN, J.—The summons asks judgment for $319. No complaint has been filed. The plaintiff moves for leave to amend the summons, and states by affidavit the case of a sale to him of twenty shares of the stock of the New Haven Railroad Company. He supposed four of these shares were spurious. He has discovered that the whole were so. He applies to amend, by demanding $1,600. If the plaintiff is not allowed to amend, and goes on to judgment for the amount demanded, he will be barred from any future action for the other shares. The whole was one contract of sale, and such contract he must allege in his complaint, and the damages he must demand in conformity with the summons will be all the damages he could ever recover.

The cause of action is single, the damages resulting from the purchase of twenty shares of stock at one time, and as one transaction. He asks to reform his summons, so that he can obtain larger damages than he has now sought in it, if his action is maintained. It is said this will deprive the defendants of the Statute of Limitations, as to the other shares. The interposition of such a plea is not favored. Before the Code, if a defendant was not obliged to abandon such a plea, on asking relief from a

default or other matter of mere favor, he was not allowed to amend by pleading it *de novo*.    (Morris *a*. Slatery, 6 *Abbotts' Pr.*, 74.)

I cannot look to the effect of this amendment upon the rights or remedies of the defendants against other parties, such as their vendors.   If I did, I should say, no cause of action could arise until they were damnified by a fixed liability by judgment, if not only by payment of damages.

Motion granted, on paying $7 costs.