## Case No. 3,415.

### CROOKES v. MAXWELL.

[6 Blatchf. 468;[1] 10 Int. Rev. Rec. 50.]

District Court, S. D. New York. June 21, 1869.

#### CORRECTION OF JUDGMENT.

In this case, the court, on the motion of the plaintiff, made in 1867, opened a judgment recovered in 1862, and then paid and satisfied of record, in order to permit errors in the assessment of damages in the case to be corrected, the suit being one against a collector of customs, to recover back moneys paid, under protest, for duties, and the plaintiff not having been guilty of laches, and the errors being manifest.

[Cited in Eagle Manuf'g Co. v. Draper, Case No. 4,234; U. S. v. Millinger, 7 Fed. 850, Id. 188.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a motion by the plaintiff to set aside a judgment recovered in this suit on the 30th of September, 1862, the suit having been commenced in July, 1860, against the collector of the port of New York, to recover back moneys alleged to have been illegally exacted by him as duties upon various goods imported from England and Wales, into the port of New York. The judgment was for the sum of $4,989.08 damages and costs, and on the 21st of October, 1862, the amount thereof was paid.

In April, 1863, another action was commenced in this court, by the plaintiff against the defendant [Crooke v. Maxwell, Case No. 3,413], which came on for trial in February, 1867, before the court and a jury, upon the following agreed statement of facts, dated May 27th, 1864.

[Here follow, substantially in full, the agreed statement of facts referred to, and the decision of SMALLEY, District Judge, thereon. Both will be found in the prior report of that case. Case No. 3,413.]

On the 20th of February, 1867, this motion to open the judgment of September 30, 1862, was made, and, at a subsequent day in the term, judgment was rendered on the verdict in favor of the defendant, in the second action.

SMALLEY, District Judge. The question arising in this case is whether the plaintiff is entitled to have the judgment in the suit commenced in 1860 opened, and to have the errors made in the assessment of damages therein corrected. The power of the court to open a judgment for the correction of such errors in the assessment of damages as are claimed to have been made in this case is not denied; and, if it were, it is too well established, both in the state and the federal courts, to require authorities to sustain it.

It is claimed that the plaintiff has been guilty of laches in presenting and prosecuting this claim, and is, therefore, without redress, although the government, through its officers of the customs, has, in violation of law, and against the decisions of the courts, extorted from him quite a large sum of money, which it has heretofore refused to refund. It should be borne in mind, that all the invoices, entries, and other evidence to prove these claims, were in the custom house, subject to the examination of, and under the exclusive control of, its officers, and only accessible to the plaintiff by special favor; and that the plaintiff had no reason to distrust the correctness of the custom-house adjustment of the 25th of September, 1862, at the time, although he had no knowledge when it was made. In looking into the matter, in January, 1863, he discovered some errors, and was then induced to make a further examination, in which he discovered many more, and in April, 1863, he commenced a second suit, when he should have moved to open the judgment in this one.

Immediately upon an adverse termination of the second suit, he made the present motion. By the bill of particulars filed in the second suit, on the 13th of May, 1863, the defendant was apprised of the full extent and character of the plaintiff's claim, so that but a small interval of time had elapsed after the filing of the custom-house adjustment of September, 1862. Certainly, the plaintiff's delay, under the circumstances, ought not to defeat or prejudice his legal or equitable right to the money wrongfully withheld from him.

I regret that the government of the United States should resort to such a defence, and do not believe that, upon mature consideration, it will persist in it. If the suit were one between citizens only, a defendant would badly tarnish his reputation by insisting upon such a defence, and few lawyers would be willing to stand up in court and defend his cause.

It is ordered that the judgment rendered on the 30th of September, 1862, for the amount reported by the custom-house officers, be vacated; that the order of reference made in the suit be revoked; and that the assessment of damages therein be referred to Kenneth G. White, Esquire, United States commissioner, under the same rule as to notice, and other questions thereto appertaining, as was prescribed by this court in the case of Benkard v. Schell [Case No. 1,307]; and that, upon such assessment, the defendant be credited and allowed the amount paid on the 21st of October, 1862, as appears of record.