### UNITED STATES *v.* MILLINGER and others.

*(Circuit Court, S. D. New York. February 2, 1880.)*

1 JUDGMENT—MISTAKE.

The court has power to open a judgment rendered upon default for the purpose of correcting errors of fact in the amount of the judgment arising from the inadvertent omission of the plaintiff to give credits and allow payments made by the defendant, or out of his property, upon the plaintiff's claim, which should have been deducted at the time of the assessment of damages.

*E. B. Hill*, Asst. Dist. Att'y, for the United States.

*Roger M. Sherman*, for defendants.

SHIPMAN, D. J.   The default in this case was taken in the year 1872, and judgment was thereupon rendered against the defendants.   The only tenable reason for opening the judgment is that, in the assessment of damages, credits were omitted from the amount of the plaintiff's original claim, presumably by inadvertence and mistake.   The court has power to open a judgment rendered upon default for the purpose of correcting errors of fact in the amount of the judgment, arising from the inadvertent omission of the plaintiff to give credits and allow payments made by the defendant, or out of his property, upon the claim of the plaintiff, which should have been deducted at the time of the assessment of damages.   *Crookes* v. *Maxwell*, 6 Blatchf. 468.   The defendant is open to the charge of laches, (*Avery* v. *U. S.* 12 Wall. 304,) but, under all the circumstances of the case, I am inclined to open the judgment for one purpose only.   The judgment is opened only for the purpose of a re-assessment of damages, and of allowing the defendant to give evidence of payments made by Millinger, or out of his property, which should have been allowed and have been deducted from the face of the assessment, but not for the purpose of giving evidence of other defences to the plaintiff's claim than those of payments which had been made by Millinger, or by Millinger's property, upon the assessment prior to the date of the judgment.

Let there be a reference to ascertain and report the amount of such payments thus inadvertently omitted in the computation of the amount due at the date of the judgment.