### HATFIELD *v.* ATWOOD.

*(City Court of New York, Special Term.* October 16, 1888.)

JUDGMENT—DEFAULT—"COPY" SUMMONS—AMENDMENT—NOTICE.

Where the "copy" summons served on defendant requires him to answer within twenty days, and he has no notice of any amendment shortening the time, a judgment by default at the end of six days will be set aside, and defendant allowed to appear, though the original summons contains the word "six," instead of "twenty."

On motion to vacate judgment.

*Herman Fox,* for motion. *Theall & Beam, contra.*

McADAM, C. J. The "copy" summons served required the defendant to answer within "twenty" days. The defendant had the right to assume that the paper served was a true copy of the original, and, having no notice of any amendment shortening the time, was justified in believing and acting on the belief that he had "twenty" days within which to appear. The plaintiff had no right to induce this belief and then take judgment as by default at the end of "six" days. The original summons appears to contain the word "six," instead of "twenty." Of this the defendant had no notice. For this variance, and upon the ground that a true copy of the original summons was not served, and that the paper delivered to the defendant misled him into suffering a default to be taken, the judgment will be set aside. As the paper served was not a nullity, (*Gibbon* v. *Freel,* 65 How. Pr. 273,) the defendant will now be allowed to appear and demand a copy of the complaint, (none having been served,) to the end that the proceedings hereafter to be had may be taken in accordance with the prescribed practice. No costs.

---

### CASSIDY *v.* BOYLAND.

*(City Court of New York, Special Term.* October, 1888.)

JUDGMENT—DEFAULT—AMENDMEMT—NOTICE.

The amount for which judgment may be entered on default cannot be increased beyond the amount stated in the summons, without notice to defendant.

Action by Ann Cassidy against Francis Boyland. Motion by defendant to set aside a judgment by default.

*John H. Dorrity,* for motion. *Henry Bishop,* opposed.

McADAM, C. J. The summons, which was served without a complaint, gave notice to the defendant that upon his default judgment would be taken against him for $277.66, with interest. The defendant allowed a default to be taken, and the plaintiff obtained an *ex parte* order increasing the amount claimed to $410 and interest, and entered judgment for this amount. The present application is to set aside said order and judgment. The court had power to grant the amendment, (*Reed* v. *New York,* 97 N. Y. 620; *Deane* v. *O'Brien,* 13 Abb. Pr. 11,) but it should have been upon notice to the defendant, that he might determine whether to defend the demand as enlarged, or allow judgment to go against him therefor, (see *James* v. *Kirkpatrick,* 5 How. Pr. 241; *Birdsall* v. *Fuller,* 11 Hun, 207.) The defendant having notice of the order now, it will be allowed to stand, but the judgment will be vacated, and the defendant permitted to serve his answer to the complaint, as amended, within six days after service of the order to be entered hereon. No costs.