TRUMAN v. LESTER et al.

'(Supreme Court, Appellate Division, First Department.　April 11, 1902.)

1. PLEADINGS—AMENDMENT—CHANGING CAUSE OF ACTION.

　　Where the parties were engaged in a joint adventure in real estate, and plaintiff instituted an action at law to recover damages from defendant for conveying property for the purpose of defrauding plaintiff, the court had power to allow him to serve an amended and supplemental complaint, seeking to set aside conveyances, and making the action in equity.

2. SAME—LIMITATIONS.

　　The amendment might be allowed, though the limitations had run against the cause set forth in the amended complaint..

3. SAME—AFFIDAVIT OF ATTORNEY.

　　Where the matters pertinent to a motion for leave to serve an amended and supplemental complaint related to procedure, and all the facts were within the knowledge of the attorney, his affidavit in support of the motion was sufficient.

　　Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by James C. Truman against G. Harry Lester and another. From an order permitting plaintiff to serve an amended and supplemental summons and complaint, defendants appeal.　Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Arthur L. Livermore, for appellants.

John W. Boothby, for respondent.

PATTERSON, J.　This is an appeal from an order granting leave to the plaintiff to make and serve an amended summons and a supplemental complaint, and to bring in Frederick B. Rice as a defendant.　In December, 1892, the present action was begun against Lester and William B. Rice, after another suit brought against Lester alone had been discontinued.　Rice answered in March, 1893.　The case was put upon the calendar for the first time in January, 1895.　It was reserved generally in May, 1896.　On June 29, 1896, an alleged settlement was had by the plaintiff's executing a general release and delivering the same to the defendant William B. Rice, and at the same time the attorneys for the plaintiff delivered to William B. Rice a consent for a substitution of other attorneys in their place.　The suit was not discontinued, but remained in statu quo until November, 1898, when the same attorneys for the plaintiff made a motion to restore the case to the calendar, which for some reason was granted.　On January 20, 1898, William B. Rice was permitted to make and serve a supplemental answer setting up the release.　In March, 1899, an order of the court was made and entered, ordering the plaintiff to reply to the supplemental answer of Rice, which was done.　On April 25, 1899, the case came on for trial.　The action was in form one at law. On the trial the defendant Rice moved to dismiss the complaint on the ground that if any cause of action existed it was in equity. Thereupon the plaintiff withdrew a juror, and the court granted

leave to apply to the special term for permission to amend. That motion was made on the 29th of May, before Mr. Justice Beekman at special term. Judge Beekman decided the motion in favor of allowing the service of a supplemental summons and complaint, but died before an order was signed. The motion was then transferred to Mr. Justice Bischoff, and was heard upon affidavits. It seems to have been argued anew before Judge Bischoff, who handed down a decision granting the motion, and thereupon the order appealed from was entered. That order was properly made.

Under Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81, the court had power to allow this amendment. The whole controversy seems to relate to real estate and the proceeds of sale of real estate. The first aspect of the action apparently was to recover damages for conveying away property for the purpose of defrauding the plaintiff. The amended complaint seeks to set aside conveyances, and makes the defendants account for the proceeds of sale, they having sold to innocent parties. The point raised by the defendants seems to be that the complaint has no merit, but that has been properly decided by the court below. The change in the form of action seems to have been necessitated by what was decided in Hollister v. Simonson, 36 App. Div. 63, 55 N. Y. Supp. 372, namely, that in joint adventures in real estate the remedy is in equity. It is also objected that the statute of limitations has run against the cause of action as set forth in the amended complaint, but that does not appear to be a fatal objection. Deane v. O'Brien, 13 Abb. Prac. 11; Eighmie v. Taylor, 39 Hun, 366. The affidavit of the attorney is sufficient in this case, because all of the facts are within his knowledge. The matters pertinent to the motion relate to procedure.

The order must be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.