UNITED STATES v. ONE TRUNK CONTAINING FOURTEEN PIECES OF EMBROIDERY.

(District Court, E. D. New York.    July 11, 1907.)

COURTS—FEDERAL COURTS—ADOPTION OF STATE PRACTICE—JUDGMENTS—VACATION OF DEFAULT JUDGMENT AFTER TERM.·

 An action by the United States for the forfeiture of smuggled goods is a statutory proceeding assimilated to an action in rem in admiralty, and Rev. St. § 914 [U. S. Comp. St. 1901, p. 683], providing for conformity to the state practice in civil causes other than equity or admiralty causes, does not apply to such a proceeding so as to abrogate the settled rule of the federal courts that a court has no power to set aside a default judgment after the term at which it was entered to permit a defense to be interposed, because such practice is authorized in the courts of the state.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 934.

 Conformity of practice in common-law actions to that of state, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

On Motion to Set Aside Judgment Entered on Default.

William J. Youngs, U. S. Atty.

Arthur M. King, for claimant.

CHATFIELD, District Judge.  On the 11th of January, 1906, acting under a search warrant issued by a United States Commissioner in this district, employés of the government seized a trunk, containing certain embroidery and other articles, upon the premises and within the possession of one George Bardwill, at the corner of Henry street and Atlantic avenue, in the borough of Brooklyn, New York City.  The seizure was made on a charge that the contents of the trunk had been smuggled and imported into the United States without payment of the duty to which the goods and merchandise were subject.

The property was taken into custody by the United States marshal for the Eastern district of New York, under a monition issued out of this court under date of April 9, 1907, and a notice to claimants published, according to law, in the "Standard-Union" for 14 successive days, commencing April 10, 1907.  The monition was issued upon the filing of an information by the United States attorney in said Eastern district of New York, in the office of the clerk of said court, and no claimant appearing upon the return day, viz., the 24th day of April, 1907, a decree was entered reciting the return of the marshal, the giving of notice, and the fact that no person appeared or interposed a claim to the trunk or its contents.  This decree ordered a default against all persons who had not appeared and filed claims, and "further ordered, adjudged, and decreed that the said property, articles, etc., be, and the same hereby are, for the reasons and causes mentioned in the information herein, condemned as forfeited to the use of the United States."  The decree further provided for a sale upon 15 days' notice according to law, at a place specified in said decree.  This

sale was had, and realized the sum of $1,800, which amount was paid by the United States marshal to the clerk of the court upon the 13th day of May, 1907. The decree declaring the goods forfeited was entered upon the 24th day of April, 1907, and a writ of venditioni exponas issued upon that day. The proceeds of this sale are still in the registry of this court, and have been held because of an application made on behalf of George Bardwill, the person upon whose premises the goods were seized, to have his default in claiming the goods opened, in order that he might file a claim thereto, and for such other relief as might be just. This motion was made and argued at the May term of the court, held on the 31st day of May, 1907. The decree of forfeiture was entered at the April term of this court, and that term expired on April 30, 1907, and before any application with respect to said default had been brought to the notice of the court.

The applicant argues that the federal courts have given to a person in default his day in court, and afforded him relief from that default, even after the term had expired, during which the judgment had been entered. The petitioner claims that such relief can be given in cases falling within the old English practice by writs of error, "Coram vobis or audita querela," and that similar relief, by the New York state practice, can be had in the state courts. Section 914 of the Revised Statutes [U. S. Comp. St. 1901, p. 683], requiring the practice in the United States courts, in cases other than equity and admiralty, to conform as near as may be, to the practice in like cases in the state courts, is cited as authority for applying the rule under the New York Statutes. The English writ coram vobis was used to correct mistakes of fact or errors in process, which can be brought to the attention of the court in which they were committed by means of this writ, but cannot be relied upon where the error is in the judgment itself (Rolle's Abridgment, p. 749), or where the question relates to the power of the court and not to the mode of procedure. Bronson v. Schulten, 104 U. S. 416, 417, 26 L. Ed. 797, and cases there cited.

The writ of audita querela does not lie, where the party complaining has had a legal opportunity of defense, and has neglected it. This writ is a regular suit in equity, to which the parties may plead and take issue on the merits, and cannot, therefore, be sued against the United States. Avery v. United States, 79 U. S. 304, 20 L. Ed. 405. In that case the complainant had neglected to set up a sum of money as a set-off, which had been received by the United States prior to the bringing of an action by it against the petitioner, and it was there held that the court had no authority to open the final judgment, and that this judgment could be reviewed only by a writ of error. The power of a United States court over its own judgment is well set forth in Bronson v. Schulten, supra, and Phillips v. Negley, 117 U. S. 674, 6 Sup. Ct. 901, 29 L. Ed. 1013, and the following language from Bronson v. Schulten, as quoted in the case of Phillips v. Negley, is directly applicable:

"In this country all courts have terms and vacations. The time of the commencement of every term, if there be half a dozen a year, is fixed by statute, and the end of it by the final adjournment of the court for that term. This is the case with regard to all the courts of the United States, and, if there be exceptions in the state courts, they are unimportant. It is a general rule of the law that all the judgments, decrees, or other orders of the courts, how-

ever conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But it is a rule equally well established that, after the term has ended, all final judgments and decrees of the court pass beyond its control, * * * and, if errors exist, they can only be corrected by such proceeding, by a writ of error or appeal, as may be allowed in a court which, by law, can review the decision."

In Sibbald v. United States, 37 U. S. 488, 9 L. Ed. 1167, the court said:

"No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes."

If an equitable defense or a good defense in law, which the defendant was prevented from availing himself of, by fraud or accident, unmixed with negligence of the defendant or his agents, exists, a bill in equity might afford relief. Hendrickson v. Hinckley, 58 U. S. 443, 15 L. Ed. 123, and other cases, cited in Phillips v. Negley, supra. In the case of United States v. Millinger (C. C.) 7 Fed. 849, a judgment entered by default in 1872 was opened in 1880; the amount of the judgment having been entered from an inadvertent omission by the plaintiff to allow credits to the defendant, which should have been deducted upon the assessment of damage. The applicant also cites the case of Brown v. Philadelphia, Wilmington & Baltimore R. Co. (C. C.) 9 Fed. 183, in which a default was opened, under the authority of section 914 of the Revised Statutes, requiring the practice in the United States courts, in cases other than equity and admiralty, to conform, as near as may be, to the practice in like cases in the state courts. In that case a statute of the state of Delaware was followed in opening a default.

The present case arises under a statutory provision for an action to enforce a forfeiture. The procedure is assimilated to that of an action in rem in admiralty, and it would seem that section 914 of the Revised Statutes of the United States would not apply, in so far as to work a modification of the general rules relating to the power of a United States Court over a judgment entered at a trial term, even if the action of forfeiture, created by statute, be a statutory action at law, and not one in equity or admiralty. Where the admiralty practice is followed, as in a case like the present, it does not seem that the prac- tice may conform to that of the state courts sufficiently to create rights not recognized as within the powers of United States Courts, exclusive of the provisions of section 914 of the Revised Statutes. The applicant furnishes authorities under the laws of the state of New York showing the opening of defaults, after the expiration of the term at which judgment was entered. But, for the reasons above given, and under the decisions of the United States Supreme Court, the present application cannot be disposed of upon the authority of the New York state decisions. From the standpoint of the United States authorities, while the application to open the default would appeal to the discretion of the court, if it lay within its power to grant the petitioner relief, it does not seem that such discretion exists.

The decree of forfeiture and sale is in effect a final decree, in so far as the rights of any claimant to the property are concerned. It is impossible to consider that the default of the claimant was due to any clerical error, or to any inadvertence or omission on the part of any one concerned with the entry of the decree. The property in question had been seized upon the premises of the applicant, and he must be deemed to have had knowledge of the seizure. He could have immediately proceeded to recover possession of this property, or to bring an action against the persons making the seizure, if so advised. The taking of the property by the United States marshal upon monition removed the property from the possession of the officers who had made the seizure, and the Revised Statutes and the rules of the court with relation to cases of forfeiture provide the means of giving notice to all claimants. Section 5292 provides a way of relief from forfeiture arising from the laws for imposing or collecting duties, etc., but it is apparently beyond the power of this court to open the decree of April 24, 1907, in this case, at the present time, upon the grounds set forth in this application.