Henry E. Gropp, Plaintiff, *v.* The Great Atlantic and Pacific Tea Company, Defendant.

(Supreme Court, New York Special Term, December, 1913.)

Amendment — of complaint — failure to prove cause of action for personal injuries — motion to amend.

Plaintiff, on the trial of an action for personal injuries, failed to prove the cause of action alleged, which was founded on negligence, but did prove that defendant's horse which caused the injuries was unruly. Judgment in favor of plaintiff was reversed because an amendment to the complaint alleging the vicious propensities of the horse was allowed upon the trial without affording defendant reasonable opportunity to answer and prepare to meet the new allegations. A second judgment in favor of plaintiff was reversed because evidence of the viciousness of the horse was received, the complaint not having been amended. Held, that as all through the litigation both parties were fully apprised of the facts of the accident and of plaintiff's contention that the horse was a vicious animal the court would, in furtherance of justice, grant a motion to amend the complaint so as to insert the allegations covered by the amendment allowed upon the first trial.

Motion to amend complaint.

Don R. Almy, for plaintiff.

Hunt, Hill & Betts, for defendant.

Ford, J. In the case of *Foster* v. *Central National Bank*, 183 N. Y. 379, the Court of Appeals reiterated the doctrine that: " The power of the Supreme Court to grant an amendment is most plenary. It may permit a plaintiff by an amendment of a pleading to bring in additional claims which at the time would be barred by the Statute of Limitations if a new action were then brought upon them." In *Brown* v. *Leigh*, 49 N. Y. 78,

cited by the court in the *Foster case, supra,* the court says: "The complaint is the statement of the plaintiff's cause or causes of action. It is this statement or complaint that may be amended and perfected by the party so as to enable him to present his entire case upon trial. It is not confined to an amendment of such matter as has been defectively stated in the original complaint. * * * It follows that new causes of action may be included in the complaint and those in the original left out, and new defences or counterclaims embraced in the answer." In *Hatch* v. *Central National Bank,* 78 N. Y. 487, also cited in the *Foster case, supra,* attention is called to the case of *Minthorne,* 19 Johns. 244, wherein, "after judgment and satisfaction, both were opened to allow an amendment by adding to the recovery;" also to *Crookes* v. *Maxwell,* 6 Blatchf. 468, where "the court on motion of the plaintiff, made in 1867, opened a judgment recovered in 1862, and then paid and satisfied of record, in order to permit errors in the assessment of damages to be corrected, and this was done, although after the judgment of 1862, a new suit had been commenced for the recovery of the sums so omitted, and the plaintiff defeated because of the statute of limitations;" further the same case cites *Deane* v. *O'Brien,* 13 Abb. Pr. 11, wherein "the plaintiff was allowed to amend by enlarging his cause of action, although he thus avoided the statute of limitations, and 'it might affect third parties;'" and adds: "These (and there are many other) cases show the power of the court over its own judgments, and its habit to exercise it in aid of justice. It is an inherent power and not limited in matters of substance by the sections of the Code (Old Code, § 174; Code Civ. Pro., § 724), and others referred to by the learned counsel for the appellant, while section 723 seems to authorize its exercise in furtherance of jus-

Supreme Court, December, 1913. [Vol. 83.

tice.'' There can be no question of the power of the
court to grant this motion to amend the complaint by
setting up an additional cause of action based upon the
state of facts out of which the cause of action already
stated in the complaint grew, even though the proposed
cause of action would be barred by the Statute of Lim-
itations if sued on now. The only question is, would
it be in the interest of justice to permit the amend-
ment? The original cause of action was clearly one
founded on alleged negligence. On the first trial plain-
tiff failed to prove that cause of action, but did prove
to the satisfaction of the jury that the horse which
caused plaintiff's injuries was unruly. Previous to
that trial notice that plaintiff would undertake to prove
that the horse was vicious was served upon the defend-
ant. That issue was in fact tried and the evidence in
support of plaintiff's contention elicited largely from
the defendant's own witnesses. Surprise cannot, there-
fore, reasonably be claimed. All the available facts
of the accident were in two trials placed before court
and jury. Twice plaintiff has had a substantial ver-
dict. The first judgment was reversed because an
amendment to the complaint alleging the vicious pro-
pensities of the horse was allowed upon the trial with-
out affording defendant reasonable opportunity to
answer the new allegations and to prepare to meet
them. The second judgment met the same fate because
evidence of the viciousness of the horse was received,
whereas upon that trial the complaint stated a cause
of action in negligence merely. But all through the
protracted litigation both parties were fully apprised
of the real facts of the accident and of plaintiff's con-
tention that the horse was a vicious animal. The only
trouble with the later verdict was that it was not sup-
ported by sufficient allegations in the complaint. All
this motion is for, is to insert those allegations. It

seems to me that it is in furtherance of justice to grant it. As to plaintiff's alleged laches in not moving for this amendment, it is sufficient to say that whatever fault there was in that regard was due to his counsel's view of the law governing the case, and I am not prepared to say that that view was not so far supported by authority as to warrant the course he took. There is nothing in that course to impeach either his acumen or his diligence.

Ordered accordingly.