Catherine Gray, as Administratrix, etc., of Edward Gray, Deceased, Plaintiff, v. H. H. Vought & Co., Defendant.

Supreme Court, New York County, October 26, 1925.

**Process — parties — amendment of summons and complaint — answer to plaintiff's complaint, which alleges defendant to be corporation, denies incorporation and contains verification reciting copartnership — amendment reciting appropriate allegations of partnership permitted where denial would deprive plaintiff of rights.**

Plaintiff's motion to amend a summons and complaint which alleges that the defendant herein is a corporation where, as a matter of fact, it is a copartnership, should be granted by permitting said plaintiff to add the names of the defendants as partners with appropriate allegations of their partnership, where the said amendment will not prejudice the defendants, and denial of the motion will deprive plaintiff of her rights, in view of the fact that in another action brought by the same plaintiff against members of the defendant firm, as copartners, the defense of the Statute of Limitations has been interposed.

Motion by plaintiff to amend summons and complaint.

*Thomas J. O'Neill*, for the plaintiff.

*Walter G. Evans*, for the defendant.

Proskauer, J. Plaintiff brought a negligence action against H. H. Vought & Co., alleging it to be a corporation. The defendant served an answer denying the incorporation, verified by one Henry W. Vought as partner of H. H. Vought & Co., in which verification it is affirmatively stated that H. H. Vought & Co. is a copartnership. The plaintiff moves to amend the summons and complaint by adding thereto the names of the partners of H. H. Vought & Co., with appropriate allegations of their partnership. The defendant objects on the ground that it promptly notified the plaintiff's attorney of his error and that he allowed three years to elapse before making this motion. It also appears that the plaintiff has brought another suit against the members of the firm as copartners, in which the defense of the Statute of Limitations has been interposed. It is obvious that unless this motion is granted plaintiff is out of court.

I do not think that the plaintiff should be deprived of her rights by mere delay where no prejudice has resulted to the defendant. It has had timely notice of the claim asserted against it and interposed an answer.

In *De Witt* v. *Abraham Bros. Horse & Mule Co.* (170 App. Div. 610), where no question of the Statute of Limitations was involved, the Appellate Division of this department, under identical circum-

stances, where a copartnership name indicated that it might be a corporation and where one of the members of the firm was served, permitted the amendment here sought, CLARKE, J., writng (at p. 614): " Since the adoption of the Code provisions referred to the courts of this State have exhibited little sympathy with such purely technical objections as are raised herein but in furtherance of justice have liberally construed the power to amend."

This authority is controlling, unless the fact that the statute has now run changes the situation. It seems to me that that fact is an added reason why the amendment here sought should be allowed. (*Boyd* v. *U. S. Mortgage & Trust Co.*, 187 N. Y. 262; *Johnson* v. *Phœnix Bridge Co.*, 197 id. 316; *Truman* v. *Lester*, 71 App. Div. 612.)

Motion granted. Settle order on notice.